[Cite as *State v. Shriner*, 2016-Ohio-7672.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-66 (C.P.C. No. 14CR-5937) |
| James W. Shriner, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on November 8, 2016

**On brief:** *Mike DeWine*, Attorney General, *Darcy T. Cook* and *Anil Patel*, for appellee. **Argued:** *Darcy T. Cook.*

**On brief:** *Jon J. Saia* and *Jessica G. D'Varga*, for appellant. **Argued:** *Jessica G. D'Varga.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}  James Shriner is appealing from his conviction on a single charge of forgery. He assigns a single error for our consideration:

> The trial court erred in denying Appellant's Motion for a Mistrial after the Prosecutor's misconduct in closing argument substantially prejudiced the rights of the Appellant.

{¶ 2}  Our standard of review for a ruling on a motion for a mistrial is abuse of discretion. Did the trial court judge abuse his discretion when he overruled the motion for a mistrial precipitated by comments made during closing argument by the assistant prosecuting attorney trying the case? Because the comments were made during the state's rebuttal portion of the argument, defense counsel had no opportunity to respond personally before the jury began its deliberations but objected.

{¶ 3}   The trial court judge sustained the defense objection to the statements of the assistant prosecuting attorney, which were: "[b]y putting that false information on that page that is a forged document.  The Defendant admitted to it on the stand."  (Apr. 8, 2016 Tr. at 458.)

{¶ 4}   The assistant prosecutor's argument overlooked the required mental state for forgery.

{¶ 5}   After the trial court sustained the defense objection, the assistant prosecuting attorney returned to the same improper argument by stating to the jury "I was telling you about how the Defendant admitted to committing the offense of forgery." (Tr. at 461.)

{¶ 6}   Defense counsel objected again.  The trial judge sustained the objection again and reprimanded the assistant prosecuting attorney.  The judge instructed the assistant prosecuting attorney to correct her misstatement by admitting directly to the jury that she had misspoken.

{¶ 7}   The judge later correctly charged the jury on the elements of forgery, including the requirement that Shriner had to have acted with knowledge of a fraud or with knowledge he was facilitating a fraud in order to be found guilty of forgery.

{¶ 8}   We find that the trial court judge managed the situation appropriately.  The misstatements of the assistant prosecuting attorney were corrected.  The correct jury instruction was given.  The trial court judge certainly was within his discretion to believe and rule that he had corrected the misstatement and any harm the misstatement could have caused and therefore should not grant a mistrial.

{¶ 9}   The sole assignment of error is overruled.

{¶ 10}  The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____